Filed 3/10/21  P. v. Howze CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C082461 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F04120) |
| v. | |
| DEMETRIUS L. HOWZE, | |
| Defendant and Appellant. | |

Defendant Demetrius L. Howze purports to appeal from the trial court's response to a letter from the Department of Corrections and Rehabilitation (CDCR).  In the letter, CDCR asked the court to "review [its] file to determine if a correction is required."  The trial court declined to modify defendant's sentence.  Defendant filed a notice of appeal in pro per.

Defendant contends the sentence should be corrected to effectuate the trial court's original intention to impose two years for felony evading by striking the strike prior and

imposing the midterm. He also contends that the abstract requires correction to reflect that 2 five-year enhancements were stayed for the felony evading count. Finally, he contends he is entitled to additional conduct credit not awarded in 1997.

The People respond that the trial court erred in imposing sentence in 1997 and the matter must be remanded to force the trial court to make a decision whether to strike the remaining strike prior in order to reimpose a two-year term for felony evading or to use the remaining strike prior in order to impose a greater term. The People agree that the abstract and credits require correction.

We conclude that the trial court's decision not to modify the judgment in response to CDCR's letter is a non-appealable order. We decline the People's invitation to treat the appeal as a writ. Thus, we will dismiss defendant's appeal. Having concluded defendant's appeal must be dismissed, we do not have jurisdiction to correct the abstract for clerical errors or presentence custody credit as requested by the parties.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1996, defendant opened the door of a car parked at a gas station, pushed his hand across the face of the woman driver, and asked for the money in her purse. The woman refused. Defendant grabbed the victim's purse and fled in a car which had been parked nearby. After leading the police on a high-speed chase, defendant skidded to a stop, fled from the car, and was caught by a police dog.

A jury convicted defendant of robbery (Pen. Code, § 211)[1] and felony evading (Veh. Code, § 2800.2). The trial court found that defendant had three prior felony convictions within the meaning of section 667, subdivision (a) (five-year enhancements) and section 667, subdivisions (b) through (i) (strike priors).

---

[1] Undesignated section references are to the Penal Code in effect at the time of the charged offenses.

2

In January 1997, the court sentenced defendant to state prison for 42 years to life. The court imposed 25 years to life for robbery. The court added 15 years for the three prior felony convictions (§ 667, subd. (a)). For felony evading, the court struck two of the three strike priors and imposed a consecutive two-year term, that is, one-third the midterm, doubled for the remaining strike prior. The court believed one-third the midterm was one year and doubled it for the remaining strike prior to two years.

In April 2000, the trial court denied defendant's petition for writ of habeas corpus but found that his sentence was unlawful and struck one of the five-year terms for one of the prior serious felony convictions as not having been brought and tried separately (§ 667, subd. (a)), resulting in a modified sentence of 37 years to life.

In August 2013, the trial court denied defendant's petition to be resentenced pursuant to section 1170.126. The trial court concluded that defendant was ineligible.

In March 2016, defendant filed a motion for reconsideration of his ability to pay fines. The trial court denied the motion.

On May 3, 2016, almost 20 years after defendant was initially sentenced, CDCR wrote a letter to the trial court and identified a sentencing error as to the felony evading offense. CDCR stated that the term for felony evading should have been full term, rather than one-third the midterm, and that with the strike prior, the term for the offense should have been 32 months, four years, or six years instead of the two-year term imposed by the trial court.

On May 26, 2016, the trial court acknowledged the error, but declined to modify the sentence. When the court sentenced defendant in 1997, the court imposed one year, doubled for one strike prior (striking the other two strike priors) for a total term of two years for felony evading (count 2). At the time of defendant's offense, the triad for felony evading was, and still is, 16 months, two years, or three years in state prison. (Stats. 1988, ch. 504, § 3, p. 1919; Stats 1976, ch. 1139, § 98, p. 5089, operative July 1, 1977.) In response to CDCR's letter, the court noted that it had erred in calculating one-

3

third the midterm and that the term should have been full term and computed without reference to the indeterminate term which had been imposed. In declining to modify the sentence, the court stated that if it "were to resentence on Count 2 [felony evading], [it] would want to do so in a manner that would reimpose a 2-year term for Count 2."

The trial court also stated that under the circumstances, it was not "in the interest of justice to attempt to correct the sentence at this time." The trial court explained: "If the court were to simply strike the remaining 'strike prior' with regard only to Count 2 and reimpose the midterm of 2 years for Count 2, it is unclear whether that would have an effect on the amount of prison conduct credits that could be earned by defendant. If the court were to consider simply striking the 'second-strike' doubling punishment, but not the 'strike prior' itself with regard to Count 2 only, so as to be able to reimpose the 2-year term for Count 2 but without any question of consequences to prison conduct credit earning under the 'Three Strikes' law, a question would arise as to whether the court has jurisdiction to do so because Penal Code § 1385, at the time of the commission of the offense, did not contain such a provision (see Stats. 1986, ch. 85, § 2, effective May 6, 1986). This would entail litigation, and would give rise to a need for the filing of briefs and a hearing on the matter. As defendant was sentenced in this case nearly 20 years ago, any resentencing would result in either the same term being reimposed or a new term being imposed that would make only a minor difference to the actual time defendant must still serve before becoming eligible for parole, neither party is seeking a correction of the sentence, memories have faded, and defendant's original trial counsel is no longer actively practicing law [], it would not be in the interest of justice to attempt to correct the sentence at this time." (Italics added.) The trial court recognized that an unauthorized sentence may be corrected at any time. Citing *People v. Hester* (2000) 22 Cal.4th 290, the court commented that it "does not appear that a court is required to correct an unauthorized sentence unless the court lacked fundamental jurisdiction over the case itself" and noted it did not lack fundamental jurisdiction.

## DISCUSSION

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).)

Defendant claims the trial court's decision is an appealable order under section 1237. He is presumably referring to subdivision (b) of that section which provides that a defendant may appeal "(b) *From any order made after judgment, affecting the substantial rights of the party*." (Italics added.) The People assume that the trial court's decision is an appealable order.

The trial court's decision was an order after judgment, judgment having been rendered in 1997, and defendant is a party. The issue is whether the trial court's decision affected defendant's substantial rights.[2]

Section 1237, subdivision (b), permits a party to appeal any order after judgment "if it affects that party's 'substantial rights.' " (*Loper, supra*, 60 Cal.4th at p. 1162.) As *Loper* observed, "[o]ur cases do not provide a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b)." (*Loper*, at p. 1161, fn. 3.)[3]

We conclude that defendant has failed to demonstrate that the trial court's decision not to modify his sentence in response to CDCR's letter affects his substantial rights. Thus, we must dismiss defendant's appeal as from a non-appealable order.

Section 1170, subdivision (d)(1), applicable at the time, provides in relevant part: "When a defendant subject to this section or subdivision (b) of Section 1168 has been

---

[2] We have jurisdiction on appeal at least to determine whether the trial court's nonaction affected defendant's substantial rights.

[3] It is plain that a defendant's "substantial rights" include personal liberty interests. (See, e.g., *Loper, supra*, 60 Cal.4th at p. 1161, fn. 3 [holding defendant's substantial interest in personal liberty implicated by court's denial of request for compassionate release from prison due to terminal illness].)

5

sentenced to be imprisoned in the state prison . . . and has been committed to the custody of the secretary . . ., the court may, . . ., at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

Here, CDCR identified a sentencing error 20 years after initial sentencing.[4] CDCR stated that instead of the midterm of one year, doubled for the remaining strike prior, for a total of two years for felony evading, the trial court should have imposed, with the strike prior, 32 months, four years, or six years. After carefully and seriously analyzing the issue, the trial court chose not to resentence.

"[A] postjudgment order 'affecting the substantial rights of the party' (§ 1237, subd. (b)) does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto." (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 600.) CDCR sought correction of a sentencing error and recommended *increasing* defendant's sentence for felony evading. The trial court declined to resentence and increase defendant's sentence, stating reasons, and indicated it would still impose a two-year sentence for felony evading. The trial court's decision was not adverse to defendant's interest. Thus, the trial court's decision did not affect defendant's

---

[4] Prior to its repeal in 1992, subdivision (f) of section 1170, gave CDCR one year to review a sentence and, by motion to the trial court, recommend recall of the sentence for a disparate sentence. (Stats. 1978, ch. 579, § 29, pp. 1987, 1989; Stats. 1992, ch. 695, § 10, pp. 2975, 2977; *Loper, supra*, 60 Cal.4th at p. 1162, fn. 4.)

substantial rights.  Under the circumstances here, defendant has appealed from a non-appealable order.[5]

Having decided to dismiss defendant's appeal, we do not have jurisdiction to correct clerical errors in the abstract of judgment or modify the judgment to adjust conduct credits.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The appeal is dismissed.


                                          /s/
                                    MURRAY, J.



We concur:



    /s/
RAYE, P. J.



    /s/
HULL, J.

---

[5] The People did not appeal.